IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD ALLEN BRANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:12-CV-633-TMH |
| ) | |
| CLARK ALLUMS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Richard Allen Brannon ["Brannon"], an indigent inmate, initiated this 42 U.S.C. § 1983 complaint challenging the constitutionality of his arrests for controlled substance offenses and first degree robbery. The order of procedure entered in this case specifically directed Brannon to immediately inform the court of any change in his address. *Order of July 26, 2012 - Doc. No. 4* at 5.

On September 5, 2012, this court entered an order, a copy of which the Clerk mailed to Brannon. The postal service returned this order because Brannon no longer resided at the address he had last provided to the court. In light of the foregoing, the court entered an order requiring that on or before September 24, 2012 Brannon inform the court of his present address. *Order of September 17, 2012 - Doc. No. 15*. The order specifically advised Brannon this case could not proceed if his whereabouts remained unknown and cautioned him his failure to comply with its directives would result in a Recommendation that this case be dismissed. *Id*. The court has received no response from Brannon to the aforementioned order nor has Brannon provided

the court with a current address in accordance with the directives of the order procedure. As is clear from the foregoing, Brannon has failed to comply with the directives of the orders entered by this court and this case cannot properly proceed in his absence. It is likewise clear that Brannon is no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action.

It is further

ORDERED that on or before October 16, 2012 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding

precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of October, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE